IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Civil Action No. 13-cv-00434-MSK

**GERALD A. MARQUEZ,**

    Plaintiff,

v.

**CAROLYN COLVIN, acting Commissioner of Social Security,**

    Defendant.

---

**ORDER GRANTING PLAINTIFF'S APPLICATION FOR AWARD OF ATTORNEY'S FEES**

---

**THIS MATTER** comes before the Court on Plaintiff Gerald A. Marquez's Application for an Award of Attorney's Fees ("Motion") (**#24**) pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  Having considered the Motion, the Commissioner's Response (**#25**), and Mr. Marquez's Reply (**#26**), the Court

**FINDS** and **CONCLUDES**:

### I.     Jurisdiction

For purposes of determining the instant motion, the Court exercises subject matter jurisdiction pursuant to 42 U.S.C. § 405(g) and 28 U.S.C. § 2412.

### I.     Issue Presented

Mr. Marquez asserts that, pursuant to the EAJA, he should be awarded attorney fees in the amount of $5074.48 for his appeal of the administrative law judge's Decision denying his claim for disability insurance benefits.  The Commissioner challenges Mr. Marquez's request for attorney fees on the basis that its position in defending the Decision was substantially justified.

1

## II.     Background

Mr. Marquez filed a claim for disability insurance benefits pursuant to Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-33, 1381-83c.  He asserted that he had been disabled from September 8, 2007 due to chronic pain, obesity, post-traumatic stress disorder, borderline personality disorder, depression, and anxiety.  After a hearing, the administrative law judge ("ALJ") denied Mr. Marquez's claim in a Decision issued December 31, 2011.  Mr. Marquez appealed that Decision to the Appeals Council, which denied review.

Subsequently, Mr. Marquez appealed to this Court, challenging the Decision on five grounds: (1) the ALJ failed to obtain medical expert testimony on the issue of medical equivalence to the Listings and the severity of Mr. Marquez's physical and mental impairments, as required by SSR 96-6p; (2) the Appeals Council failed to find that Mr. Marquez was in a borderline age category and thus disabled pursuant to Medical Vocational Disability Rule 201.14; (3) the ALJ's finding at Step 5 that a significant number of jobs existed in the local and national economy was not supported by substantial evidence; (4) the ALJ failed to analyze the medical expert opinions according to the correct standards; and (5) the ALJ's findings regarding credibility are not based on substantial evidence.

Pursuant to 42 U.S.C.§ 405(g), this Court exercised reviewed the ALJ's Decision.  On January 23, 2014, this Court reversed that Decision and remanded the case to the Commissioner for further proceedings.  Specifically, this Court held that at Step 3 the ALJ failed to discuss the evidence and explain why Mr. Marquez did not meet the criteria of Listing 1.04, Disorders of the Spine.  In the instant Motion, Mr. Marquez requests attorney fees.

### III.     Discussion

The EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).  Thus, to prevail under the EAJA, a party must show: (1) that it was the prevailing party; (2) the position of the United States was not substantially justified; and (3) there are no special circumstances that make an award unjust.

In a social security case, a claimant is the prevailing party when the district court remands to the Commissioner of Social Security under 42 U.S.C. § 405(g).  *Hackett v. Barnhart*, 475 F.3d 1166, 1168 (10th Cir. 2007).  In an Order dated January 23, 2014, (**#22**) this Court reversed the Commissioner's decision denying Mr. Marquez's disability benefits and remanded his case to the Commissioner for additional review.  Thus, Mr. Marquez is the prevailing party.  The Commissioner has not argued that there are any special circumstances that make an award unjust.  Therefore, the sole issue before the Court is whether the Commissioner's position was substantially justified.

The Commissioner bears the burden of demonstrating that her position was substantially justified.  *Id.* at 1170.  For purposes of this litigation, the Commissioner's position is both the position it took in the underlying administrative proceeding and in subsequent litigation defending that position.  *Id*. at 1174.  Under the EAJA, "fees generally should be awarded where the [Commissioner's] underlying action was unreasonable even if the [Commissioner] advanced a reasonable litigation position." *Id.* (quoting *United States v. Marolf*, 277 F.3d 1156, 1159 (10th Cir. 2002)).  The Commissioner's position is substantially justified if it had a reasonable basis in both law and fact.  *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995); *Veltman v. Astrue*,

261 F. App'x. 83, 85 (10th Cir. 2008).  The Commissioner's position is not justified if it is considered unreasonable "as a whole."  *Hackett*, 475 F.3d at 1175.

Applying these standards, the Commissioner's position did not have a reasonable basis in law and fact.  It is well established that the ALJ has a duty to "fully and fairly" develop the record as to material issues.  *Hawkins v. Chater*, 113 F.3d 1162, 1168 (10th Cir. 1997); *Chester v. Apfel*, 1 F. App'x 792, 794 (10th Cir. 2001).  Specifically, at step three the ALJ is required to discuss the evidence and explain why a claimant does not meet a listed impairment. *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996).  The ALJ's failure to do so, however, does not necessarily require reversal if the "ALJ's findings at other steps of the sequential process [] provide a proper basis for upholding a step there conclusion that a claimant's impairments do not meet or equal any listed impairment."  *Fischer-Ross v. Barnhart*, 431 F.3d 729, 733 (10th Cir. 2005).

Here, the Commissioner asserts that its position in defending the ALJ's Decision was substantially justified because it was reasonable to argue that the ALJ's findings at steps four and five cured the ALJ's defective finding at step three.  To support its position, the Commissioner relies on *Fischer-Ross*, in which the Tenth Circuit upheld the ALJ's decision despite the ALJ's defective finding at step three because "the ALJ's confirmed findings at steps four and five of his analysis, coupled with indisputable aspects of the medical record, conclusively preclude Claimant's qualification under the listings at step three."  *Id.* at 735.

This case differs from *Fischer-Ross*, however, in several respects.  First, the medical record relevant to Listing 1.04 was not indisputable.  At steps four and five, the ALJ discussed the evidence presented by many, but not all, of the doctors who examined Mr. Marquez.  Despite conflicting evidence, she did not discuss all of the evidence relevant to Listing 1.04, particularly

the evidence that contradicted her step three finding.  There is sufficient evidence it in the record to create a question as to whether Mr. Marquez met the medical criteria for Listing 1.04, and unlike in *Fischer-Ross*, there are no findings by the ALJ that conclusively negate that possibility.  Second, in *Fischer-Ross* the ALJ provided "detailed findings . . . that confirm[ed] rejection of the listings *in a manner readily reviewable*." *Id.* at 734 (emphasis added).  Here, in contrast, the Court concluded in the merits case that ALJ's findings were insufficient to conduct a meaningful review.  Third, unlike in *Fischer-Ross*, the ALJ's findings at steps four and five are not "confirmed or unchallenged." *See id.*  Accordingly, this is not a case where the Court can "confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way." *See id.* at 733–34 (quoting *Allen v. Barnhart,* 357 F.3d 1140, 1145 (10th Cir.2004)).  Thus, the Commissioner has not met her burden of demonstrating that her position in defending the ALJ's decision on appeal was substantially justified, and Mr. Marquez is entitled to attorney fees.

Having determined that Mr. Marquez is entitled to attorney fees under the EAJA, the Court next considers the reasonableness of his request.  To determine a reasonable fee request, the Court must first calculate the "lodestar amount." *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998).  The lodestar amount is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433  (1983). As previously indicated, Mr. Marquez seeks $5,074.48 in fees.  This amount is based on 27.4 hours at $185.20 per hour.  The exact total for these amounts is $5,074.48.  Given the amount of hours worked and the fact that the Commissioner does not dispute the amount of fees requested, the Court finds that Mr. Marquez is entitled to attorney fees in the amount of $5,074.48.

For the reasons stated herein, **IT IS ORDERED** that the Motion is **GRANTED**. Payment of Mr. Marquez's attorney fees in the amount of $5,074.48 under the EAJA, 28 U.S.C. § 2412, shall be made to Mr. Marquez directly,[1] in care of his attorney.

Dated this 15th day of May, 2014.

**BY THE COURT:**

_Marcia S. Krieger_

Marcia S. Krieger
Chief United States District Judge

---

[1] Mr. Marquez has included an affidavit with his Motion that assigns his rights to any attorney fees to his attorney. The Court declines to assign his awarded attorney fees to his attorney, as the EAJA makes it is clear that attorney's fees will be paid only to the "prevailing party." *Manning v. Astrue*, 510 F.3d 1246, 1249-50 (10th Cir. 2007).